```
IN THE UNITED STATES DISTRICT COURT
   FOR THE NORTHERN DISTRICT OF INDIANA
            HAMMOND DIVISION
```

OPIO HENDERSON d/b/a          )
SERENITY LANDSCAPE            )
& DESIGN, INC.,               )
                              )
    Plaintiff,                )
                              )   CAUSE NO. 2:15-CV-352
        vs.                   )
                              )
NATIONWIDE MEMBER             )
SOLUTIONS AGENCY INC.         )
d/b/a NATIONWIDE SALES        )
SOLUTIONS, INC., and          )
NATIONWIDE MUTUAL FIRE        )
INSURANCE CO.,                )
                              )
    Defendants.               )

## OPINION AND ORDER

This matter is before the Court on the Motion to Dismiss Count IV of Plaintiff's Complaint, filed by Defendants, Nationwide Member Solutions Agency Inc. d/b/a Nationwide Sales Solutions, Inc. and Nationwide Mutual Fire Insurance Company, on October 14, 2015 (DE #12). For the reasons set forth below, the motion (DE #12) is **GRANTED**. Count IV, Paragraphs 28-34 of Plaintiff's complaint, is **HEREBY DISMISSED WITH PREJUDICE**. Counts I-III and V-VII **REMAIN PENDING.**

BACKGROUND

On August 13, 2015, Plaintiff, Opio Henderson d/b/a Serenity

Landscape & Design, Inc. ("Plaintiff"), filed a complaint against Nationwide Member Solutions Agency Inc. ("Nationwide Members") and Nationwide Mutual Fire Insurance Company ("Nationwide Mutual") in the Circuit Court of the State of Indiana, Lake County, Cause No. 45D02-1508-CT-0131. Pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446, Defendants removed the state court action to this Court on September 11, 2015.

Count IV, paragraphs 28-34, alleges that Defendants violated Indiana's Unfair Claims Settlement Practices Act, I.C. 27-4-1-1 *et seq.* ("the Act"), and that Defendants are liable to Plaintiff for violating the Act. (Compl. ¶¶ 28-34.) However, in the instant motion, Defendants contend Plaintiff cannot assert a claim against Defendants under the Act because it does not create a private cause of action. (DE #13). Plaintiff filed a response on October 28, 2015 (DE #17), conceding that Defendants correctly recited the law, and that Count IV should be dismissed.

DISCUSSION

Federal Rule of Civil Procedure 12(b)(6) allows a complaint to be dismissed if it fails to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In order to survive a Rule 12(b)(6) motion, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949

2

(2009)(quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). All well-pleaded facts must be accepted as true, and all reasonable inferences from those facts must be resolved in the plaintiff's favor. *Pugh v. Tribune Co.*, 521 F.3d 686, 692 (7th Cir. 2008). However, plaintiffs may plead themselves out of court if the complaint includes allegations that show they cannot possibly be entitled to the relief sought. *McCready v. eBay, Inc.*, 453 F.3d 882, 888 (7th Cir. 2006).

The Act provides that the article does not create a cause of action other than an action by: "(1) the commissioner to enforce his order; or (2) a person, as defined in section 1 [IC 27-4-1-1] of this chapter, to appeal an order of the Commissioner." I.C. 27-4-1-18. This Court has previously addressed this identical issue and concluded that insureds, like Plaintiff, cannot pursue a private cause of action against their insurers for alleged violations of the Act. *See Dietrich v. Liberty Mut. Ins. Co.*, 759 F. Supp. 467, 470 (N.D. Ind. 1991) ("Thus, chapter 1 creates a cause of action only for the Commissioner of Insurance or for entities in the business of insurance who wish to appeal an order of the commissioner, not for private individuals such as [plaintiff]."). Plaintiff concedes this law is accurate, and admits that Count IV should be dismissed. (DE #17.) Consequently, Count IV, Paragraphs 28-34 of Plaintiff's complaint, is **DISMISSED WITH PREJUDICE.**

**DATED: November 3, 2015**           **/s/ RUDY LOZANO, Judge**
                                      **United States District Court**

3